### GUNDRY GLASS HOSPITAL

v.

**Donna E. SHALALA, Secretary, Department of Health and Human Services (HHS) Health Care Financing Administration (HCFA) and Blue Cross/Blue Shield of Maryland.**

**Civil No. S 96–3986.**

United States District Court,
D. Maryland.

May 19, 1998.

Michael E. Glass, Owings Mills, MD, for Plaintiff.

Charles J. Peters, Asst. U.S. Atty., Lynne A. Battaglia, U.S. Atty., Tamera Lynn Fine, U.S. Attys. Office, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case is pending on several motions, including defendant Secretary Shalala's motion to dismiss defendants other than the Secretary of the Department of Health and Human Services, and the Secretary's motion for summary judgment, as well as the plaintiff's cross-motion. No oral hearing is deemed necessary. Local Rule 105.6, D. Md.

The only real party defendant in interest in this case is the Secretary, and, hence, the defendants other than Secretary Shalala have been dismissed. Furthermore, the issues have been narrowed down to one, *viz.*, whether the Secretary wrongly denied reimbursement to the plaintiff for interest expenses associated with acquisition of a Certificate of Need (CON).

With regard to the motion for summary judgment, the Court has jurisdiction to review the final decision denying reimbursement in this case under 42 U.S.C. § 1395*oo*(f)(1). The standard of review is the same as in all agency determination reviews under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* This is a familiar standard of review, which calls for affirmance of the administrative decision unless it is arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. *See, e.g, Fort Mill Telephone Co. v. F.C.C.,* 719 F.2d 89, 91 (4th Cir.1983).

The Medicare statute, 42 U.S.C. § 1395x(v)(1)(A), governs the reimbursement of Medicare health care providers, such as the plaintiff, for certain reasonable costs incurred in connection with treating Medicare patients. The Secretary has issued regulations pursuant to that statute in fulfillment of her duty to reimburse providers for reasonable costs. Those regulations are valid, and the Secretary's interpretation of them is entitled to acceptance by this Court, unless it is unreasonable or inconsistent with the statute. *See, e.g., Pleasant Valley Hosp. v. Shalala,* 837 F.Supp. 738, 743 (S.D.W.Va.1993), *aff'd,* 32 F.3d 67, 70 (4th Cir.1994).

This case involves the Secretary's denial of reimbursement for interest expenses related to plaintiff's acquisition of a certificate of

need (CON) and license to operate a mental health facility. Because one cannot open a health care facility in Maryland without a CON, and because such certificates were not being issued *de novo* when the plaintiff desired to enter the adult mental health care market, its entry into the market was possible only by buying an existing mental health care facility, which resulted in its acquiring the CON and the necessary operating license as part of the going concern.

The only question for review is whether, to the extent that the plaintiff is authorized *pro rata* reimbursement for reasonable costs incurred in treating Medicare patients, so much of the interest payments on the purchase price of the hospital as is attributable to acquisition of the CON and operating license is an allowable capital-related cost. The plaintiff does not now challenge any aspect of the Secretary's decision relating to amortization, but seeks judicial review as to interest expense only. *See* Plaintiff's Cross–Motion Memorandum at 13 n. 4.

█ The Court agrees with the Secretary's position that 42 C.F.R. § 413.130(a) covers the field with regard to reimbursement for capital-related expenditures. That regulation simply does not authorize reimbursement for costs related to intangible capital assets. The Secretary consistently so interprets her regulation, and the courts have repeatedly held that operating licenses, going concern value, and the like are not depreciable capital assets under the statute and regulation. *See, e.g., North Clackamas Community Hosp. v. Harris,* 664 F.2d 701, 705–707 (9th Cir.1980). *Cf. Lexington Co. Hosp. v. Schweiker,* 740 F.2d 287 (4th Cir.1984)(citing *North Clackamas*). The fact simply is that, under the statute and regulation, the costs of purchasing the intangible assets one needs to enter the market are not reimbursable. To hold otherwise would have the Government, to the extent the facility treats Medicare patients, underwrite a change in ownership of a facility, which is not "necessary" for the treatment of patients under the Medicare Act. Because the costs of acquiring these intangible assets are not reimbursable, neither is the interest. 42 C.F.R. § 413.153(d).

Although an argument can be made that the CON is "tangible," in that it has a physical embodiment, the certificate is more akin to a liquor or professional license than to an item of tangible personal property, as it simply evidences an intangible right to carry on a business. Indeed, in a very recent case, the Court of Appeals of Maryland has confirmed the *intangible* nature of a CON, holding that, if it is a property right at all, it is no more than an "incorporeal hereditament," not a tangible one. *Catonsville Nursing Home, Inc. v. Loveman,* 349 Md. 560, 709 A.2d 749, 760 (1997).

█ The Court recognizes that, in *Doctors Hospital v. Califano,* 459 F.Supp. 201 (D.D.C.1978), the court held that expenses relating to a CON for future expansion were not operating expenses. But, to the extent that that case characterized those expenses as capital costs, the discussion was *dictum*, in that it was not based on analysis of the regulations pertinent to the issue presented in the instant case. Likewise, the Secretary is not judicially estopped by her position in that case, as the Court discerns no intent to mislead or gain unfair advantage on the Secretary's part. Even more fundamentally, no judicial estoppel arises as to issues of law or legal theory in the first place. *Id. See, e.g., Lowery v. Stovall,* 92 F.3d 219, 224 (4th Cir.1996).

The Court is also of the opinion that there is no due process question raised. This is not within the narrow range of cases that are the civil equivalent of *ex post facto*. Furthermore, the Court finds no error in the actual conduct of the administrative proceedings.

Finally, although the consequences to the provider and its patients are undoubtedly harsh, the Court is duty bound to affirm when the decision is within the ambit of reasonableness, even if the Court, as a court of equity, would reach a different result.

For the reasons stated, the defendant's motion for summary judgment will be granted and the plaintiff's cross-motion will be denied.

*ORDER AND JUDGMENT*

For the reasons stated in the foregoing Memorandum Opinion, it is, this 19th day of May, 1998, by the Court, ORDERED and ADJUDGED:

1. That the defendant's motion for summary judgment BE, and it hereby IS, GRANTED;

2. That the plaintiff's cross-motion for summary judgment BE, and it hereby IS, DENIED;

3. That judgment BE, and it hereby IS, entered in favor of the defendant, and against the plaintiff, with each party to bear its own costs;

4. That the decision of the Secretary is hereby AFFIRMED; and

5. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.